In re GRAND JURY PROCEEDINGS (Brisbois).

Misc. No. 80–3.

United States District Court, E. D. Michigan, N. D.

Jan. 22, 1981.

Martin E. Crandall, Asst. U. S. Atty., E. D. Mich., Detroit, Mich., for Government.

David F. Dumouchel, Detroit, Mich., for petitioner, Brisbois.

## MEMORANDUM OPINION AND ORDER

### JAMES HARVEY, District Judge.

The above-entitled matter is presently before the Court on Attorney Brisbois' motion for return of seized property and related motion to quash a grand jury subpoena duces tecum.

On December 23, 1980, the government filed its response to the above-named motions making them ready for decision.

*Procedural History*

On February 29, 1980, this Court issued a memorandum opinion and order addressing Mr. Brisbois' initial motion to quash a subpoena duces tecum. The subpoena duces tecum, issued on January 18, 1980 and returnable on February 19, 1980, required Mr. Brisbois to testify before the Federal Grand Jury sitting in Bay City, Michigan and to bring and produce to the grand jury "books, records, files, memorandum, records of account specifically, but not limited to, all legal transactions where you were consultant, counsel or attorney-in-fact for the following persons: (16 named individuals)."

In his initial motion to quash, Mr. Brisbois argued, *inter alia*, that the grand jury subpoena should be quashed because it required Mr. Brisbois to produce documents protected from disclosure under the work-product privilege.

In its February 29, 1980 opinion the Court rejected Mr. Brisbois' argument that the work-product privilege protects from disclosure to the grand jury those materials prepared in connection with prior completed litigation, but deferred its ruling on the applicability of the work-product doctrine as to any subpoenaed materials which related to uncompleted litigation until after the Court conducted an *in camera* inspection of the subpoenaed materials.

After the Court completed the *in camera* inspection, it issued another memorandum opinion and order on May 22, 1980. In this opinion, the Court determined that only two files of Mr. Brisbois' clients involved uncompleted litigation and found that the government's attempt to show that the materials were made to further criminal activity was not sufficient to overcome the work-product doctrine applicable to uncompleted litigation.

Mr. Brisbois, however, produced to the grand jury those materials which the Court had ordered to be turned over as the government had made a credible showing that these materials were made in furtherance of criminal activity sufficient to defeat any attorney-client privilege.

On or about November 21, 1980, the grand jury issued a new subpoena duces tecum returnable December 11, 1980, seeking very similar material sought and produced to the grand jury pursuant to the earlier subpoena. It is this new subpoena which movant seeks to have quashed. Movant also seeks the return of those materials which he produced earlier.

*Opinion*

In his motions, movant asserts that subsequent to the issuance of the Court's opinions cited above, the United States Court of Appeals for the Sixth Circuit, in the opinion of *In re Grand Jury Subpoena Dated November 8, 1979*, 622 F.2d 933 (CA 6, 1980), ruled that the work-product privilege does extend "to the work product compiled in previous, terminated litigation" *Id.* at 935 and, therefore, the material involving completed litigation ordered produced despite movant's work-product claim was unlawfully required to be produced, and must be returned to movant and the new subpoena duces tecum must be quashed.

It is true that the above-quoted phrase accurately states the Sixth Circuit's opinion but, as the government points out, that phrase must be read in context of the entire opinion. Part II of this opinion merely states a number of general propositions concerning the work-product privilege. The opinion does not consider the crime and fraud exception to privileges. *See* generally C. McCormick, Law of Evidence, §§ 95–96 (Cleary, 1972). The Sixth Circuit opinion does hold that the work-product privilege is not absolute and may be overcome upon a demonstration of sufficient cause by the government. *Id.* at 936; *Velsicol Chemical Corp. v. Parsons*, 561 F.2d 671 (CA 7, 1977).

 As the *Velsicol* case indicates, where misconduct is alleged and a sufficient showing of such misconduct is made by the government, the privilege of work product is overcome. *Id.* at 676. In its opinion of May 22, 1980, this Court found that the government had satisfied its burden in making a credible showing that those communications which could possibly be considered immune under the attorney-client privilege were made to further criminal activity and, thus, not protected from disclosure on the basis of the attorney-client privilege. The Court believes that the same finding is also applicable to the work-product privilege and, thus, the materials involving prior completed litigation submitted to the grand jury pursuant to the earlier subpoena were not immune from disclosure under that privilege.

 Further, the appropriateness of the work-product defense in the context of a grand jury investigation is cast into doubt by court decisions enforcing summonses asking for documents that are purportedly work products since grand jury and summons enforcement proceedings share certain salient characteristics. *United States v. Bonnell*, 483 F.Supp. 1070, 1079 (D.Minn., 1979). For example, the Sixth Circuit has flatly concluded that the work-product doctrine "is not applicable to administrative summonses issued under 26 USC 7602," *United States v. Upjohn Co.*, 600 F.2d 1223, 1228 n. 13 (CA 6, 1979). This holding would seem applicable to grand jury subpoenas as well.

Additionally, although the Second and Eighth Circuits have held that the work-product doctrine applies to grand jury proceedings in decisions [1] relied upon by the Court in its opinion of February 29, 1980, the Eighth Circuit, at least, has very recently affirmed the principle that attorney-client communications lose their privileged character when the lawyer is consulted not with respect to past wrongdoings but rather to further a continuing or contemplated or fraudulent scheme. *In re Berkley & Co. Inc.*, 629 F.2d 548, 553 (CA 8, 1980).

The government has satisfied its burden of making a prima facie showing that the materials subpoenaed were made to further criminal activity and thus, not barred from disclosure by the attorney-client privilege. This Court can perceive no valid distinction between the attorney-client privilege and the work-product privilege which would preclude disclosure under the latter privilege when the government has made such a showing.

Accordingly, Attorney Brisbois' motions are hereby DENIED. Further, IT IS HEREBY ORDERED that Attorney Brisbois' motions currently filed in Miscellaneous Action No. 80–78 be filed in the appropriate place in Miscellaneous Action No. 80–3 and that the entire record in this matter including this Opinion be placed under seal.

IT IS SO ORDERED.

---

1. *See In re Grand Jury Subpoena*, 599 F.2d 504 (CA 2, 1979); *In re Grand Jury Subpoena Proceedings*, 473 F.2d 840 (CA 8, 1973).